Lee CARROLL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0908–CR–769.

Court of Appeals of Indiana.

March 16, 2010.

Suzy St. John, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Lee Carroll appeals the sentence imposed by the trial court after his plea of guilty to two counts of class A misdemeanor dog bite resulting in serious bodily injury.

We affirm.

### ISSUE

Whether Carroll's sentence is inappropriate.

### FACTS

On January 25, 2009, Brenda Hill was putting out her trash when two dogs belonging to her next door neighbor, Carroll, ran into her yard. The dogs attacked her, pulling her "down on the ground" and "gnawing" on her limbs. (Tr. 11, 12). The two dogs bit her repeatedly, with such force as to tear away the skin and muscle down to the tendons and bone.

On February 8, 2009, the State charged Carroll with two counts of class A misdemeanor dog bite resulting in serious bodily injury, and two counts of class B misdemeanor harboring a non-immunized dog. On July 7, 2009, Carroll signed a plea agreement whereby he offered to plead guilty to the two dog bite charges in exchange for the dismissal of the other two charges. That same day, Carroll admitted to the trial court that on January 25, 2009, he had

recklessly, knowingly or intentionally failed to take reasonable steps to restrain . . . a male dog and the dog entered the property other than the property of the dog's owner and as a result of failing to restrain the dog, the dog attacked or bit another person, specifically: bite wound[s] and or lacerations[s] resulting in extreme pain and or serious permanent disfigurement and or permanent of protracted loss or impairment of the function of a bodily member or organ to Brenda Hill,

and admitting the identical facts with respect to his female dog, *i.e.* the allegations

charged in the two dog bite charges. (Tr. 8, 9). The trial court accepted Carroll's guilty pleas, entered judgment of the convictions, and proceeded to sentencing.

The trial court admitted photographs of Hill's injuries. It heard evidence that Hill's left leg had been so severely bitten that a partial amputation was required; she had been fitted with a prosthesis and was "in physical therapy … learning to walk." (Tr. 12). She had undergone seven surgeries to address infections caused by the bites to her right leg, and problems in this regard continued. The traumatic experience of the attack resulted in Hill suffering a speech problem, memory problems, sleeplessness, and depression. Her adult son testified that Hill also "lost a lot of her independence" because of the dogs' attack. (Tr. 14).

When Carroll was on the stand, he testified that his dogs "were … kind hearted," and he "didn't think that [his] dogs would be vicious," but that he knew that dogs like his "can be dangerous." (Tr. 23, 25, 24). The trial court noted the physical capability of dogs like Carroll's—"the way they are built" and the power of "their jaw[s]"—to inflict "a lot of damage." (Tr. 26). The trial court then stated its intention to pronounce Carroll's sentence.

The trial court noted that Carroll had no criminal history. It found this to be "a mitigating factor," but one which was "far exceed[ed]" by the aggravating factor of Hill's "great personal injury," and that after "almost eight months," she was "still suffering" the effects of the vicious attack by Carroll's two dogs. (Tr. 31, 32). On each count, the trial court sentenced Carroll to 365 days, with four days suspended, and ordered "both" to "run consecutive to one another." (Tr. 32).

## DECISION

■ The Indiana Constitution authorizes independent appellate review and revision of a sentence, authority implemented through Appellate Rule 7(B). *Anglemyer v. State*, 868 N.E.2d, 482, 491 (Ind.2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind.2007). The Rule provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Id.* (quoting Ind. Appellate Rule 7(B)). "The burden is on the defendant to persuade" the appellate court that his or her sentence is inappropriate. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind.2007) (citing *Childress v. State*, 848 N.E.2d 1073 (Ind.2006)).

■ Carroll argues that his sentence "is inappropriate in light of the nature of the offense and the nature of his character under Indiana Appellate Rule 7(B)." Carroll's Br. at 4. We are not persuaded.

■ The trial court's finding of an aggravating factor and its consideration thereof is subject to review "for abuse of discretion." *Anglemyer*, 868 N.E.2d at 490. Carroll does not argue that the trial court abused its discretion but rather that his sentence is inappropriate under Appellate Rule 7(B).[1] Appellate Rule 7(B) authorizes a review by the *appellate* court to determine whether the *appellate* court "finds that the sentence is inappropriate…." App. R. 7(B).

---

1. Carroll focuses on statements by the trial court concerning the breed of his dogs, and argues that it improperly considered the alleged propensity of that breed to cause harm. We need not address whether the trial court erred to the extent it found the breed of his dogs to be an aggravator, inasmuch as our review of Carroll's sentence is pursuant to Appellate Rule 7(B).

With respect to the nature of his offenses, Carroll argues that *any* consideration of his dogs' breed is improper. Disregarding consideration of his dogs' breed, however, the following facts of the dogs' attacks on Hill and the injuries she suffered would remain. As Carroll concedes, Hill's "serious injuries stemm[ed] from his reckless failure to restrain his dogs." Carroll's Br. at 7. Just how "serious" Hill's injuries were is evidenced by the photographs admitted. Moreover, Hill was attacked and mauled by *two* dogs. Her son testified that at one point she had stopped breathing and had to be put on life support. He also testified to her pain, which must have been horrendous. Hill suffered the partial amputation of one leg, had to be fitted with a prosthesis, and needed to learn to walk again. She had to undergo more than seven surgeries and suffered numerous non-physical consequences of the attacks. Hence, the nature of the offenses reflects that the injuries inflicted on Hill were extensive, permanent, and life-changing in effect.

As for Carroll's character, it is true that he had no criminal history. We find the following, however, to merit our consideration as to his character. At sentencing, Carroll testified that "as much as this ha[d] hurt [Hill], ... it ha[d] hurt [him]," and "affected [his] life as well." (Tr. 17). He further testified that his dogs were "good dogs" that were "provoke[d]" by "little kids in the neighborhood." (Tr. 22). Carroll also advised the trial court that after the attacks by two of his dogs, and the removal of those two dogs by authorities, he had given away nine others. His letter to the trial court after sentencing opined that he "had to do the time" but "[his] dogs did the crime"; that he "got caught in the system"; and because he was "not rich maybe that's why" he was sentenced to two years and "[his] dogs got killed." (App.46). Such reflects that al-

though Carroll expressed regret for the dogs' attacks on Hill, he minimized his responsibility—in owning dogs capable of inflicting such horrible harm upon others and recklessly failing to take reasonable steps to restrain them.

Although the maximum sentence for a class A misdemeanor is a one-year term, *see* I.C. § 35–50–3–2, upon conviction of more than one misdemeanor offense, a defendant may be ordered to serve the sentences therefor consecutively. *Dunn v. State*, 900 N.E.2d 1291 (Ind.Ct.App.2009). Here, the victim was attacked by *two* dogs, leading to the reasonable inference that her horrendous injuries were doubled. Such supports the imposition of consecutive sentences.

Based upon the facts presented, Carroll has not carried his burden. We are not persuaded that the nature of the offenses or the character of the offender justifies revising his sentence. *Anglemyer*, 868 N.E.2d at 494.

Affirmed.

MAY, J., and KIRSCH, J., concur.