Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**JEREMY K. NIX**
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZACHERY LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1108-CR-796 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jennifer E. Newton, Judge Pro Tempore
Cause No. 35D01-1106-CM-355

**February 24. 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Zachery Lewis appeals his sentence of one year in jail for two counts of Class A misdemeanor battery resulting in bodily injury.[1]  We affirm.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2011, Lewis and his cellmate at the Huntington County jail had a disagreement over how loud the cellblock television should be.  Lewis punched his cellmate in the head with his fist.  The next day, as the cellmate was packing up to move to another cell, Lewis jumped over a table and tackled him.  The cellmate fell and sustained a laceration to his head.

At the time, Lewis was being held on charges of Class C felony intimidation and Class D felony residential entry.  After the incidents of battery on his cellmate, he was charged with two counts of Class A misdemeanor battery resulting in bodily injury, which carries a sentence of up to one year.  Ind. Code § 35-50-3-2.  Lewis agreed to plead guilty, and the sentencing court imposed the maximum sentence on both counts and ordered them served concurrently with each other but consecutively to any sentence on his pending intimidation and residential entry charges.

## DISCUSSION AND DECISION

The Indiana Constitution authorizes independent appellate review and revision of a sentence. *Carroll v. State*, 922 N.E.2d 755, 757 (Ind. Ct. App. 2010), *trans. denied*.  That authority is implemented through Appellate Rule 7(B), which provides a court may revise a

---

[1] Ind. Code § 35-42-2-1(a)(1)(A).

2

sentence authorized by statute if, after due consideration of the trial court's decision, the court finds the sentence inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade the reviewing court that his sentence is inappropriate. *Carroll*, 922 N.E.2d at 757.

As for the nature of the offense, the sentencing court noted Lewis battered the same cellmate twice in two days. The record includes evidence the first battery was over a trivial matter – the volume of the cellblock television – and Lewis was the instigator. The victim was taken to a hospital after the second attack. Lewis attacked him after the victim made a provocative gesture. We cannot find a one-year sentence inappropriate based on the nature of Lewis' offense.

As for Lewis' character, he has a substantial criminal history including convictions of battery, battery with bodily injury, operating while intoxicated, resisting law enforcement, and disorderly conduct. These were apparently all misdemeanor convictions, but at the time of his offenses, Lewis was in jail on pending felony charges of intimidation and residential entry. We acknowledge Lewis entered a guilty plea, and that generally a defendant who pleads guilty deserves some mitigating weight be given to the plea in return. *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007). But a guilty plea is not necessarily a mitigating factor where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011). Lewis' attacks took place in a jail cellblock and were recorded by video cameras. There were numerous witnesses. Therefore, his decision to plead guilty was likely pragmatic. We

3

cannot say Lewis' sentence was inappropriate based on his character.

We accordingly affirm the sentencing court.

Affirmed.

CRONE, J., and BROWN, J., concur.