## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 12 2015, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark I. Cox
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Miller,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 12, 2015

Court of Appeals Case No. 89A01-1412-CR-539

Appeal from the
Wayne Circuit Court

The Honorable David A. Kolger, Judge

Cause No. 89C01-1407-F6-261

**Kirsch, Judge.**

[1] David Miller pleaded guilty to resisting law enforcement[1] as a Level 6 felony, and the trial court sentenced him to 800 days executed in the Department of

---

[1] *See* Ind. Code § 35-44.1-3-1(a)(3), (b)(1)(A).

Correction. On appeal, Miller contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] Richmond Police Department Officer Charles Irvin ("Officer Irvin") saw a speeding Jeep Cherokee run a stop sign in Richmond, Indiana. Officer Irvin activated his emergency lights to make a traffic stop; however, the man driving the Jeep, who was later identified as Miller, failed to stop. Miller pulled into an alley, and when Officer Irvin activated his emergency siren, Miller sped through the alley and pulled onto South E Street without stopping. Several vehicles had to stop in order to avoid a collision with the Jeep. The pursuit ended when the Jeep crashed into large boulders, went airborne, landed in a yard, and crashed through a privacy fence. Miller fled on foot, leaving his passenger behind.

[4] Officer Irvin, unable to locate Miller on the day in question, interviewed him four days later when Miller appeared at the police station. Miller admitted that he fled, but claimed that he panicked after he saw a police car behind him. On July 31, 2014, the State charged Miller with resisting law enforcement as a Level 6 felony. Initially, Miller signed a plea deal, agreeing to be incarcerated for six months, followed by one year of probation. Miller withdrew from this agreement, however, and asked for a "mercy plea," *i.e.*, an open plea. *Appellant's App.* at 32. The trial court accepted Miller's mercy plea on

November 17, 2014; a sentencing hearing was scheduled for about a week later. *Tr.* at 7.

[5]   The range of punishment for a Level 6 felony is six months to two-and-a-half years, or about 180 days to 900 days. Ind. Code § 35-50-2-7 (2014). During sentencing, and after noting that Miller had accumulated six felony convictions, five misdemeanor convictions, and two probation revocations in the previous seven years, the trial court imposed a sentence of 800 days. Miller now appeals.

## Discussion and Decision

[6]   Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision is inappropriate in light of the nature of the offense and the character of the offender. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits for a broader consideration of the defendant's character. *Id*. The defendant has the burden of persuading this court that his sentence is inappropriate. *Carroll v. State*, 922 N.E.2d 755, 757 (Ind. Ct. App. 2010), *trans. denied*.

[7]   As to the nature of the offense, Officer Irvin observed Miller speeding past a stop sign and activated his emergency lights. Miller failed to stop; instead he turned into an alley. Officer Irvin activated his siren, which prompted Miller to race down the alley and pull into traffic without stopping. Other vehicles had

to stop to avoid a collision. Miller continued to flee the police at a rapid speed until he hit some large boulders, went airborne, landed in a yard, and crashed through a privacy fence. Miller's actions jeopardized the safety of his passenger, the drivers on the road, Officer Irvin, and anyone who might have been in the yard where the Jeep landed. His actions also resulted in damage to personal property. In light of the danger to persons and damage to property, Miller has not met his burden of proving that a sentence of 800 days was inappropriate.

[8] Miller's criminal history gives us insight into his character. At the time of sentencing, Miller had accumulated six felony and five misdemeanor convictions within the previous seven years, most having been committed in Ohio. The felonies included breaking and entering plus various counts involving auto theft. While all of Miller's prior felonies occurred in 2007, he violated his probation in 2010 and again in 2011, and was convicted of misdemeanor criminal trespass and receiving stolen property in 2012 and 2013 respectively. Again, based on this criminal history, Miller has not met his burden of proving that 800 days, which is 100 days less than the maximum sentence allowed, is inappropriate in light of his character.

[9] Affirmed.

[10] Vaidik, C.J., and Bradford, J., concur.