

FILED

Feb 14 2019, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua J. Kelp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 14, 2019

Court of Appeals Case No.
18A-CR-1719

Appeal from the Tippecanoe
Superior Court

The Honorable Steven Meyer,
Judge

Trial Court Cause No.
79D02-1802-F4-2

**May, Judge.**

[1] Joshua J. Kelp appeals following his convictions of Level 4 felony child exploitation,[1] Level 5 felony child exploitation,[2] and Level 5 felony possession of child pornography.[3]  Kelp argues:

> (1) the trial court abused its discretion by considering a material element of his crime as an aggravator;

> (2) his ten-year sentence is inappropriate; and

> (3) the language in Special Probation Condition 12 is overly broad and vague.

We affirm in part and remand in part with instructions.

# Facts and Procedural History

[2] From July 1, 2016, to August 31, 2017, Kelp collected pornographic images of children under the age of eighteen, some of whom had not yet reached puberty. Kelp also traded these images with people on the internet.  When confronted by law enforcement, Kelp admitted to collecting and distributing the pornographic images.  Kelp said he had been in possession of child pornography for five years

---

[1] Ind. Code § 35-42-4-4(b)(2) & (c)(1).

[2] Ind. Code § 35-42-4-4(b)(2).

[3] Ind. Code § 35-42-4-4(d) & (e)(1).

and he might possess as many as one thousand pornographic images of children.

[3] On September 7, 2017, the State charged Kelp with one count of Level 4 felony child exploitation. On February 8, 2018, under a separate cause number, the State charged Kelp with one count of Level 4 felony child exploitation, two counts of Level 5 felony child exploitation, one count of Level 5 felony possession of child pornography, two counts of Level 6 felony possession of child pornography,[4] and one count of Class D felony possession of child pornography.[5] On the State's motion, the trial court consolidated the two cause numbers.

[4] Kelp pled guilty to one count of Level 4 felony child exploitation, one count of Level 5 felony child exploitation, and one count of Level 5 felony possession of child pornography, in exchange for the dismissal of the remaining charges. The trial court sentenced Kelp to ten years for Level 4 felony child exploitation, five years for Level 5 felony child exploitation, and five years for Level 5 felony possession of child pornography. The trial court ordered the sentences be served concurrently, with seven years executed and three years suspended to probation. Kelp was ordered to comply with all rules of the Indiana Special Probation Conditions for Adult Sex Offenders, except for Rules 1, 5, 6, and 19.

---

[4] Ind Code § 35-42-4-4(d).

[5] Ind. Code § 35-42-4-4(c) (2013).

# Discussion and Decision

## Abuse of Discretion

[5] Kelp argues the trial court abused its discretion by improperly considering Kelp's trading of the pornographic images an aggravating factor. "We initially observe that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012). An abuse of discretion occurs if the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

> The trial court can abuse its discretion by: (1) issuing an inadequate sentencing statement, (2) finding aggravating or mitigating factors that are not supported by the record, (3) omitting factors that are clearly supported by the record and advanced for consideration, or (4) finding factors that are improper as a matter of law.

*Gleason*, 965 N.E.2d at 710.

[6] Kelp claims the court abused its discretion when it considered the trading of pornographic images of children on the internet to be an aggravator because trading the images is a material element of child exploitation. Kelp is correct that a trial court may not use a material element of an offense as an aggravator. *See Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000) (essential element of a

conviction was not allowed to be considered as an aggravating circumstance), *reh'g denied*, *distinguished on other grounds by Frances v. State*, 817 N.E.2d 235 (Ind. 2004). However, after reviewing the record, we believe the court's error in this case was harmless.

[7]     When a trial court considers an improper aggravator, we may nevertheless affirm the sentence if we can "say with confidence that the trial court would have imposed the same sentence." *Webb v. State*, 941 N.E.2d 1082, 1090 (Ind. Ct. App. 2011) (affirming despite trial court's failure to consider guilty plea a mitigator), *trans. denied*. In addition to the trading of the images, the trial court found the seriousness of Kelp's offense and the length of time Kelp participated in the activity as aggravators. Kelp possessed over a thousand pornographic images of children, some of which were "horrible" images of children forced to do "unnatural" things. (Tr. Vol. II. at 43.) Many of the images were of children who were clearly under the age of twelve, as they had not yet reached puberty. As such, we are confident the trial court would have reached a ten-year sentence regardless whether the court would have considered his trading of the images as an aggravator. *See*, *e.g.*, *Webb*, 941 N.E.2d at 1090 (affirming sentence despite abuse of discretion).

## Inappropriate Sentence

[8]     Kelp argues his sentence is inappropriate in light of the nature of his offense and his character.

> We "may revise a sentence authorized by statute if, after due
> consideration of the trial court's decision, the Court finds that the
> sentence is inappropriate in light of the nature of the offense and
> the character of the offender." Ind. Appellate Rule 7(B).
> "Although appellate review of sentences must give due
> consideration to the trial court's sentence because of the special
> expertise of the trial bench in making sentencing decisions,
> Appellate Rule 7(B) is an authorization to revise sentences when
> certain broad conditions are satisfied." *Shouse v. State*, 849
> N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and
> quotation marks omitted). "[W]hether we regard a sentence as
> appropriate at the end of the day turns on our sense of the
> culpability of the defendant, the severity of the crime, the damage
> done to others, and myriad other factors that come to light in a
> given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).
> In addition to the "due consideration" we are required to give to
> the trial court's sentencing decision, "we understand and
> recognize the unique perspective a trial court brings to its
> sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873
> (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[9] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The sentencing guideline for a Level 4 felony is a fixed term between two and ten years with the advisory sentence being six years. The trial court sentenced Kelp to ten years; thus, on this charge, he received the maximum

sentence. The sentencing guideline for a Level 5 felony is a fixed term between one and six years with an advisory sentence of three years. The trial court sentenced Kelp to five years for each Level 5 felony; thus, he received a sentence above the advisory but below the maximum. Kelp was ordered to serve all the sentences concurrently, such that he received a cumulative sentence that was less than the possible maximum sentence.

[10] Regarding the nature of the offense, the trial court noted the seriousness of Kelp's crimes. Kelp possessed over one thousand pornographic images of children. Among these images were children "obviously under the age of twelve" or who "hadn't reached puberty." (Tr. Vol. II at 16.) Through his actions, Kelp "perpetuated the victimization" of an unknown number of children. *See Brown v. State*, 912 N.E.2d 881, 902 (Ind. Ct. App. 2000) (defendant's possession of pornographic images of children younger than sixteen permitted an aggravated sentence), *trans. denied*.

[11] As to Kelp's character, the trial court acknowledged Kelp had no criminal record, was employed, and was remorseful. However, as pointed out by the trial court, those factors are diminished by Kelp's actions. Despite not having a criminal history, Kelp admitted to possessing pornographic images of children for five years prior to his arrest. *See Wright v. State*, 108 N.E.3d 307, 320 (Ind. 2018) (crimes committed by the defendant, including downloading child pornography, could not be redeemed by his positive character traits).

[12] Given the nature of the offense, *i.e.*, the heinous images Kelp possessed, and the character of the offender, *i.e.*, Kelp had been collecting these images for five years prior to being arrested, we cannot say Keller's ten-year sentence is inappropriate. *See Schroeder v State*, 998 N.E.2d 279, 285 (Ind. Ct. App. 2013) (exploitation of children through videos and images allowed for an aggravated sentence). Accordingly, we affirm that sentence.

## Probation Condition

[13] Kelp's final argument is that Special Probation Condition 12 is unconstitutionally vague and overly broad.[6] "The trial court's broad discretion in determining the conditions of probation is limited only by the principle that the conditions must be reasonably related to the treatment of the defendant and protection of public safety." *Stott v. State*, 822 N.E.2d 176, 179-80 (Ind. Ct. App. 2005), *trans. denied*. Special Probation Rule 12 states:

> You shall not possess obscene matter as defined by IC 35-49-2-1 or child pornography as defined in 18 U.S.C. § 2256(8), including but not limited to: videos, magazines, books, DVD's, and material downloaded from the Internet. You shall not visit strip clubs, adult bookstores, motels, specifically operated for sexual

---

[6] The State argues Kelp waived his right to appeal this issue by failing to object to it at sentencing. We have allowed defendants to appeal their probation terms despite not objecting to them and signing the probation form stating the probation conditions. *See Piercefield v. State*, 877 N.E.2d 1213, 1218 (Ind. Ct. App. 2007) (Court considered defendant's argument regarding probation terms despite the defendant not objecting at sentencing and signing the probation terms). We exercise our authority to address the constitutional argument raised by Kelp.

encounters, peep shows, bars where partially nude or exotic dancers perform, or businesses that sell sexual devices or aids.

(App. Vol. II at 104.)

[14] In *Collins v. State*, we held that prohibiting someone from visiting "businesses that sell sexual devices or aids" was unfairly broad as it "could extend to drug stores." 911 N.E.2d 700, 714-715 (Ind. Ct. App. 2009), *trans. denied*. The probation condition at issue herein is identical to the one at issue in *Collins.* Therefore, we remand to the trial court for clarification of the final clause of Special Probation Condition 12. *See Bleeke v. Lemmon*, 6 N.E.3d 907, 921 (Ind. 2014) (Indiana Supreme Court agreed with the rationale in *Collins* regarding the overly broad probation condition).

# Conclusion

[15] The trial court committed harmless error when it improperly considered Kelp trading images as an aggravating factor. Also, in light of the nature of Kelp's offenses and Kelp's character, his ten-year sentence is not inappropriate. However, because Special Probation Rule 12 is overly broad, we remand to the trial court for clarification.

[16] Affirmed in part and remanded in part with instructions.

Baker, J., and Tavitas, J., concur.