## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 25 2019, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
BALL EGGLESTON, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicholas Taylor Custance, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 25, 2019 <br><br> Court of Appeals Case No. 18A-CR-2627 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1805-F5-89 |

**Bailey, Judge.**

# Case Summary

Nicholas Custance ("Custance") pled guilty to one count of Child Exploitation, a Level 5 felony,[1] and one count of Possession of Child Pornography, a Level 6 felony.[2] He challenges his five-year aggregate sentence and the imposition of certain special conditions of probation for sex offenders. We affirm the sentence and remand for clarification of conditions of probation.

# Issues

Custance presents three issues for review:

    I.      Whether his sentence is inappropriate;

    II.    Whether a probationary requirement that he not enter businesses selling sexual devices or aids is overbroad; and

    III.   Whether requirements that he not contact or live near a child victim are overbroad when victim identities are unknown.

# Facts and Procedural History

On May 9, 2018, the State charged Custance with one count of Child Exploitation, a Level 5 felony, and three counts of Possession of Child

---

[1] Ind. Code § 35-42-4-4(b).

[2] I.C. § 35-42-4-4(d).

Pornography, Level 6 felonies, based upon events transpiring between February and May of 2018. On September 18, 2018, Custance pled guilty to one count of Child Exploitation and one count of Possession of Child Pornography. He admitted that he possessed child pornography, he had saved to his computer images of children displaying genitalia or engaging in sex acts, and he had uploaded one such video to a website to share child pornography. Pursuant to his plea agreement with the State, two of the charges against Custance were dismissed.

[4] On October 25, 2018, Custance was given concurrent sentences of five years (with one and one-half years suspended to probation) for Child Exploitation and two years for Possession of Child Pornography. He now appeals.

# Discussion and Decision

## Appropriateness of Sentence

[5] Indiana Code Section 35-50-2-6 provides for a sentence for a Level 5 felony of one year to six years, with an advisory sentence of three years. Indiana Code Section 35-50-2-7 provides for a sentence for a Level 6 felony of six months to two and one-half years, with an advisory sentence of one year. Custance claims that his aggregate five-year sentence (with one and one-half years suspended) is inappropriate in light of his guilty plea, mental illness, and lack of criminal history.

[6]     We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). We take into consideration the fact that a portion of the sentence is suspended. *Serban v. State*, 959 N.E.2d 390, 393 (Ind. Ct. App. 2012).

[7]     We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented and the trial court's judgement "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224.

[8]     Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). In sentencing Custance, the trial court found as aggravators Custance's lack of remorse and understanding, the

severity of the pattern of offenses, and the admitted pornography addiction without resort to treatment. In mitigation, the trial court found that Custance had pled guilty (but recognized that he received a benefit by having charges dismissed), that he had no criminal history, and he had mental health issues (albeit not adequately addressed).

[9] As to the nature of Custance's offenses, he collected pornographic images of children, some pre-pubescent. He traded one such video, of significant length, on the internet. As for Custance's character, he does not have a criminal history. That is not to say that he has led a law-abiding life. He created an online profile in 2012 as "shameless indeed" and posted about his activity of watching children take showers at the YMCA. (App. Vol. II, pg. 30.) Moreover, his collection of child pornography appeared to be prolific and long-term. A forensic examination of Custance's computer revealed that he had many more images of child pornography than those upon which his guilty pleas were based. Custance's decision to plead guilty indicates some acceptance of responsibility for his actions, but he also received a significant benefit for the guilty plea and he continued to minimize his culpability in his discussion of the victims and events. And, although Custance claims to have cooperated with police, he was initially deceptive and attempted to mislead police into believing that he documented child pornography only to report it as a concerned citizen. In sum, Custance has failed to demonstrate that his sentence is inappropriate in light of the nature of his offenses and his character.

# Special Probation Condition 12

[10]    Among other probation conditions, Custance was ordered to comply with special conditions for sex offenders, including Condition 12, as follows:

> You shall not possess obscene matter as defined by IC 35-49-2-1 or child pornography as defined in 18 U.S.C. § 2256(8), including but not limited to: videos, magazines, books, DVDs, and material downloaded from the internet. You shall not visit strip clubs, adult bookstores, motels specifically operated for sexual encounters, peep shows, bars where partially nude or exotic dancers perform, or businesses that sell sexual devices or aids.

(App. Vol. II, pg. 76.) He challenges the prohibition against visiting "businesses that sell sexual devices or aids" as overbroad.

[11]    A trial court has broad discretion in determining appropriate conditions of an offender's probation. *McVey v State*, 863 N.E.2d 434, 447 (Ind. Ct. App. 2007), *trans. denied*. However, conditions imposed must be reasonably related to the objective of reintegration into the community. *Bleeke v. Lemmon*, 6 N.E.3d 907, 921 (Ind. 2014). A probationer has a due process right to have the conditions of supervised release be sufficiently clear to inform him of what conduct will result in his being returned to prison. *McVey*, 863 N.E.2d at 447.

[12]    In *Collins v. State*, 911 N.E.2d 700 (Ind. Ct. App. 2009), *trans. denied*, a panel of this Court considered a challenge to a probationary term that, like Probation Condition 12 here, prohibited the probationer from entry to businesses selling sexual devices or aids. The Court found the prohibition to be "unfairly broad"

as it could encompass entry to a drug store.  *Id.* at 714.  The matter was remanded for clarification of the probationary term.  Subsequently, our Indiana Supreme Court agreed with the rationale of *Collins* regarding the overly broad provision.  *See Bleeke*, 6 N.E.3d at 921; *see also Kelp v. State*, 2019 WL 614211, at *3 (Ind. Ct. App. Feb. 14, 2019) (remanding for clarification of an identical term).  We also find the language of Condition 12 "unfairly overbroad" and remand for clarification.

## Special Probation Conditions 6 and 19

[13]  In conditions 6[3] and 19, Custance was prohibited from establishing a new residence within one mile of the residence of any of his victims, unless granted a court waiver, and from direct or indirect contact with a victim, unless pre-approved for the benefit of a victim.  Custance argues:

> Because Custance does not know the identity of any victim, he does not have adequate notice of what conduct may constitute a violation of the challenged conditions.  Accordingly, those conditions are unreasonable and unconstitutional as applied to Custance.

Appellant's Brief at 16.

[14]  Custance does not otherwise develop a constitutional argument as to vagueness.  Indeed, Custance admits to having knowledge of the prohibited conduct.  He is

---

[3] Special condition 6 arises from Indiana Code Section 35-38-2-2.5(e), which requires the imposition of this restriction upon a sex offender.

not to contact or live near one of the children depicted in the pornography he possessed or disseminated. Rather, his argument is impossibility of performance. He cannot necessarily avoid proximity when the victims are unidentified. Indeed, the trial court acknowledged that neither the State nor Custance knew the identities of the children and the court equivocated to some degree when reviewing the special probationary conditions:

> You shall not establish residence within one mile of your victim. I don't think you know the victim, necessarily, but those *other* conditions apply. .. You shall not reside within one mile … Again, I don't know if we'll ever be able to identify them, residence of the victim, but I've got to apply that. … Number 19, you shall have no contact with your victim or victims' family unless approved in advance by the Court. Again, this may not, these [sic] directly applicable because we don't know the victim, but [I am] putting that in there.

(Tr. Vol. II, pgs. 40-42.) (emphasis added).

[15] In his reply brief, Custance appears to recognize that his claim is that of impossibility:

> No person involved in the case knows the names, identities, or locations of any of the victims. Under these circumstances, it is impossible for Custance to avoid interacting with (directly or indirectly) or establishing a residence near a victim or victim's family member. The State offers no support for the proposition that Custance could intelligently avoid violation of Condition 6 or Condition 19, which are written as strict liability conditions.

Reply Brief at 10. He urges that, "at a minimum, a specific intent requirement should be inserted into Condition 6 and Condition 19 in order to cure their constitutional infirmity." *Id.* at 11.

[16] Although we are not persuaded that Custance has identified constitutional infirmity, we agree that the challenged conditions are not reasonably susceptible of compliance as written, under the unique circumstances of this case. And our supreme court has observed that judicial review of special conditions of release is "very fact sensitive." *Bleeke*, 6 N.E.3d at 921. We thus remand for clarification that Custance will be in violation of conditions 6 or 19 only if he acts with criminal culpability.

# Conclusion

[17] Custance's sentence is not inappropriate. We remand for clarification of probation conditions 6, 12, and 19.

[18] Affirmed in part and remanded with instructions.

Riley, J., and Pyle, J., concur.